ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 APR 18 PM 2: 27

CLERK_____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL D. HOLLOWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 105-9 |
| | ) | |
| MICHELLE MARTIN, Warden,[1] | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a prisoner pursuant to a state conviction in Richmond County, Georgia, filed a petition for writ of habeas corpus under Title 28, United States Code, Section 2254. Respondent has filed a response to the petition. For the reasons that follow, the Court **REPORTS** and **RECOMMENDS** that the petition be **DISMISSED**, that this civil action be **CLOSED**, and that a final judgment be **ENTERED** in favor of respondent.

## I. BACKGROUND

On September 29, 1998, a grand jury sitting in Richmond County indicted petitioner on charges of aggravated assault and armed robbery. After a jury trial, petitioner was convicted on both charges and sentenced to twenty years for aggravated assault and life

---

[1]Petitioner's custodian has changed since he filed his petition, and the case caption is adjusted accordingly. The Clerk is **DIRECTED** to adjust the docket to reflect the appropriate respondent, Warden Michelle Martin.

without parole for armed robbery. The Georgia Court of Appeals affirmed petitioner's conviction and sentence on July 21, 2000. Holloway v. Georgia, 537 S.E.2d 708 (Ga. 2000). The Georgia Supreme Court denied his application for writ of certiorari on February 16, 2001. Holloway v. Georgia, No. S00C2008 (Ga. Feb. 16, 2001). Petitioner then applied for a writ of certiorari to the United States Supreme Court, but that application was denied on October 1, 2001. Holloway v. Georgia, 534 U.S. 912 (2001).

Petitioner filed a petition for writ of habeas corpus with the state court on November 26, 2001. Resp. Ex. 1. The state habeas court held an evidentiary hearing and denied habeas relief on July 21, 2003. Resp. Ex. 3. The Georgia Supreme Court denied petitioner's application for a certificate of probable cause to appeal the habeas ruling on April 27, 2004. Resp. Ex. 4. Petitioner's motion for reconsideration filed with the Georgia Supreme Court was denied by that court on June 3, 2004. Petitioner's second motion for reconsideration was denied by the same court on July 12, 2004.

Petitioner then filed the instant Section 2254 petition on January 21, 2005. In his petition, petitioner alleges various errors made by his trial counsel, errors made by his appellate counsel, errors made by the trial court, errors made by prosecutors, and other instances of "plain error."

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), signed into law on April 24, 1996, amended Section 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in

2

custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court addressed Section 2254(d) in <u>Williams v. Taylor</u>, 529 U.S. 362, 404 (2000). The Court explained:

> Section 2254(d)(1) defines two categories of cases in which a state prisoner may obtain federal habeas relief with respect to a claim adjudicated on the merits in state court. Under the statute, a federal court may grant a writ of habeas corpus if the relevant state-court decision was either (1) *"contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States,"* or (2) *"involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States."*

<u>Id.</u> at 404-05 (emphasis added).

The Eleventh Circuit has explained the difference between the "contrary to" and "unreasonable application" clauses in § 2254(d)(1) as follows:

> A state court decision is "contrary to" clearly established federal law if either (1) the state court applied a rule that contradicts the governing law set forth by Supreme Court case law, or (2) when faced with materially indistinguishable facts, the state court arrived at a result different from that reached in a Supreme Court case.
>
> A state court conducts an "unreasonable application" of clearly established federal law if it identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case. An unreasonable application may also occur if a state court unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context. Notably, an "unreasonable

3

application" is an "objectively unreasonable" application. Putman v. Head, 268 F.3d 1223, 1241 (11th Cir. 2001) (internal citations omitted). Thus, a habeas petition may be granted if "the state court's decision was contrary to, or involved an objectively unreasonable application of, the governing Federal law set forth by Supreme Court cases." McIntyre v. Williams, 216 F.3d 1254, 1257 (11th Cir. 2000).

Section 2254(e)(1) sets a highly deferential standard of review for state court factual determinations. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." Fugate v. Head, 261 F.3d 1206, 1215 (11th Cir. 2001) (citations omitted); see also Crawford v. Head, 311 F.3d 1288, 1317 (11th Cir. 2002) (affirming state court factual determination "because there is support for it in the record and [the petitioner] has not rebutted the finding by clear and convincing evidence"). Moreover, "some evidence suggesting the possibility" that a petitioner's version of the pertinent facts is correct is not sufficient to carry the burden of showing that a state court made an unreasonable determination of fact as contemplated by Section 2254(d)(2). Bottoson v. Moore, 234 F.3d 526, 540 (11th Cir. 2000).

## III. DISCUSSION

### A. Ineffective Assistance of Trial Counsel

Plaintiff first alleges numerous instances of ineffective assistance of his trial counsel. According to petitioner,

[t]rial counsel did nothing. Nothing! Trial counsel never interviewed the

4

> Petitioner. Trial counsel did not move the Trial Court for any pretrial motions to be heard. Trial counsel interviewed not one of the State's witnesses or the two victims. Trial counsel did no research. Trial counsel did no investigating. Trial counsel refused to talk to alibi witnesses. Trial counsel refused to talk to Petitioner's medical doctor. Trial counsel failed to read the State's discovery package. Trial counsel failed to cross-examine State witness Chris Langford. Trial counsel failed to move the court for an expert witness to challenge the State's expert witness. Trial counsel failed to subpoena witnesses that were available. Trial counsel failed to inform the Petitioner of a ten-year plea bargain allegedly proffered by the State.[2] Trial counsel failed to challenge the Petitioner's illegal arrest and warrant-less search. Trial counsel in no way subjected the State to the adversarial process. Trial counsel failed to move the Trial Court for a severance of the charges. Trial counsel failed to address or challenge the issues of constructive amendment, fatal variance. Trial counsel failed to subject Investigator K. Lynch to the challenge of a Jackson/Denno hearing. Trial counsel failed to move the Trial Court for the entire proceedings to be recorded. Trial counsel failed to object at critical junctures during the trial.

Pet. Br. at 7.

The state appellate court considered and rejected petitioner's ineffective assistance of trial counsel claims. The court first addressed petitioner's claim that counsel failed to contact and interview alibi witnesses. The court noted that petitioner "failed to produce any of these alleged alibi witnesses and failed to make any showing of the substance of the testimony of any uncalled witness." The court concluded that "[w]ithout any such evidence in the record, it is impossible for this Court to conclude that any witnesses who were not called would have given testimony favorable to [petitioner] and that the result of the

---

[2]Petitioner does not elaborate on this claim in his 64-page habeas brief. Inasmuch as it does not appear that petitioner has raised the claim in state court, he has not exhausted his state court remedies related to this claim. See 28 U.S.C. § 2254(b)(1)(A) & (C) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented."); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Part III.C infra.

5

proceedings would have been affected." Holloway, 537 S.E.2d at 512.

Regarding petitioner's contention that his trial counsel failed to prepare for trial, the appellate court observed that petitioner's trial counsel testified to spending "a lot of time reading the discovery material and that the preliminary hearing showed the strength of the evidence against [petitioner].... [Trial counsel] 'practically begged' [petitioner] to take a favorable plea offer since the evidence was so strong and [petitioner] was in such jeopardy with the 'two strikes and you're out' law." The court concluded that "trial counsel presented an adequate defense given the facts of the case." Id. at 513.

Regarding trial counsel's alleged failure to challenge the testimony of Investigator Lynch, the court observed that petitioner "has failed to provide any evidence supporting this allegation, and trial counsel stated he read the discovery material and knew what all the testimony was going to be." Id. The court further found that petitioner's "argument that trial counsel failed to obtain exculpatory material is likewise unsupported by any showing of how [petitioner's] medical records would have provided exculpatory evidence and would have affected the result of the proceedings." Id.

In addressing trial counsel's alleged failure to object "at critical junctures" of the trial, the court noted that petitioner only cites one instance at which his trial counsel should have objected, that he did not directly reference the instance in the record, and that he failed to show how the question was improper or prejudicial. Id. The court also rejected petitioner's claim that his trial counsel should have requested a specific jury charge. The court found that petitioner did "not provide... any indication regarding what the jury should have been charged or a showing that such a charge was warranted and that such a charge

6

would have affected the outcome of the trial." Id.

Regarding trial counsel's decision to introduce petitioner's lineup photograph as an exhibit at trial, the court observed that the "alleged error is more properly analyzed as trial tactics and strategy. The use of [the] lineup photo for the legitimate purpose of cross-examination is not any evidence that trial counsel's conduct fell below that standard of reasonably effective assistance which members of the bar in good standing are presumed to render." Id. at 514.

To petitioner's assertion that his trial counsel performed ineffectively in failing to request the appointment of a medical expert witness, the court observed that petitioner cited no medical evidence that would have affected the outcome of his trial. Id. The court also found that petitioner's "argument that trial counsel should have filed a motion to sever lacks merit. Trial counsel testified that he chose not to move for a severance because both offenses occurred on the same day, in the same vicinity, and were basically part of the same incident. [Trial counsel] believed the motion was frivolous." Id. The court further observed that petitioner "has failed to show that there is any reasonable probability that the verdict would have been different had he been tried separately." Id.

The Court must defer to the state court's findings unless those findings are contrary to, or involve an unreasonable application of, clearly established federal law. Putman, 268 F.3d at 1241. The Court notes that

> [c]learly established federal law is *not* the case law of the lower federal courts, including [the Eleventh Circuit]. Instead, in the habeas context, clearly established federal law refers to the holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time of the relevant state court decision.

7

Id.

Ineffective assistance of counsel claims should be evaluated under the framework established by the Supreme Court in Strickland v. Washington, 466 U.S. 668 (1984). To succeed in an ineffective assistance of counsel claim under Strickland, a petitioner must show both that counsel's performance was ineffective and "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687.

With regard to the performance prong of Strickland, "[a] petitioner must overcome a strong presumption of competence, and the court must give significant deference to the attorney's decisions." Hagins v. United States, 267 F.3d 1202, 1204-05 (11th Cir. 2001). Strategic trial decisions are entitled to a "heavy measure of deference." Strickland, 466 U.S. at 691. "Given the strong presumption in favor of competence, the petitioner's burden of persuasion -- though the presumption is not insurmountable - - is a heavy one." Fugate v. Head, 261 F.3d 1206, 1217 (11th Cir. 2001) (citation omitted). "The test has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted . . . ." Waters v. Thomas, 46 F.3d 1506, 1512 (11th Cir. 1995) (en banc).

A court, however, "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Smith v. Wainwright, 777 F.2d 609, 616 (11th Cir. 1985). Under the prejudice prong of

Strickland, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome . . . ." Id. at 616 (citing Strickland, 466 U.S. at 694-95).

The appellate court did not find that any of petitioner's ineffective assistance of trial counsel claims implicated the performance or the prejudice prongs of the Strickland standard.[3] With each of petitioner's claims, the appellate court found neither that counsel performed ineffectively in pursuing the defense of petitioner's case nor that petitioner could show that he was prejudiced by any alleged ineffective assistance.[4] The Court finds the state appellate court's evaluation of petitioner's ineffective assistance of trial counsel claims to be neither contrary to nor an unreasonable application of clearly established federal law. Accordingly, petitioner may not obtain relief on grounds of ineffective assistance of trial counsel.

### B. Ineffective Assistance of Appellate Counsel

Petitioner claims that his appellate counsel failed to communicate with him during his appeal. He also contends that counsel "failed to provide a copy of the trial transcript [to

---

[3] Petitioner's ineffective assistance of trial counsel claims are so voluminous, random, and nonspecific that the Court finds some difficulty in matching his claims in this action to the claims he raised on appeal and in the state habeas court. The Court does find that the state appellate and habeas courts effectively addressed each of the claims petitioner raised in those courts under the Strickland standard. To the extent that petitioner raises any new claims in this action, those claims should be dismissed as unexhausted. See footnote 1, supra.

[4] The state habeas court likewise addressed plaintiff's claims of ineffective assistance of trial counsel and, applying the Strickland standard, found that petitioner had satisfied neither prong of the ineffective assistance of counsel test. Resp. Ex. 3 at 3-17.

petitioner] after multiple requests, failed to communicate or discuss anything with the Petitioner before the hearing for the Motion for New Trial or before filing appellate counsel's unresearched, uninvestigated appeal brief, failed/refused to correct Petitioner's supplemental brief thereby condemning the issues the Petitioner raised, and failed/refused to file a motion to be dismissed from the Petitioner's case." Pl. Br. at 37.

In addressing petitioner's complaints of ineffective assistance of appellate counsel, the state habeas court found that

> appellate counsel only received the trial transcript shortly before the hearing on the motion for new trial. He read the transcript and met with Petitioner immediately prior to the hearing. In that discussion [they] reviewed the issues that would be raised at the motion for new trial hearing. During that hearing, Petitioner was personally allowed to question trial counsel extensively. By letter, appellate counsel also asked Petitioner to suggest any issues that he thought should be raised in the appeal. Counsel reviewed and researched the issues Petitioner suggested, but determined that it would be better to only raise in the appeal issues that had a chance of getting Petitioners convictions reversed. Trial counsel only had one copy of the trial transcript, which he sent to Petitioner when he was finished preparing the appeal. Counsel is not ineffective for not presenting every argument, regardless of merit, requested by Petitioner. As discussed below, Petitioner has not shown that counsel omitted any argument that had a reasonable probability of resulting in a different outcome in the appeal.
> 
> Petitioner claims that counsel gave him incorrect advice and prejudiced him by telling him that he could file a pro se brief with the appellate court and did not have to go through counsel. There is no credible evidence that counsel gave Petitioner such advice. Furthermore, Petitioner can show no prejudice. The Court of Appeals considered the issues Petitioner raised in his pro se brief after it asked counsel to prepare a verbatim typed copy. Although the Court of Appeals said that it would not review the allegations of trial court misconduct because they were not raised in the original enumeration of errors or brief, it did review them and found them to be without merit. Additionally, there is no evidence that the court's decision was at all based on Petitioner initially filing the brief pro se rather than through counsel. For these reasons, Petitioner has not proven that appellate counsel was ineffective under Strickland v. Washington for allegedly advising Petitioner he could file a brief without going through

10

>    counsel.
>        The trial court informed counsel that it would not allow him to withdraw from the case. Therefore, filing a motion to withdraw would have been frivolous, and counsel is not required to file frivolous motions at Petitioner's request. Petitioner can show no harm from counsel not filing the motion as the trial court would not have granted it, and Petitioner's pro se brief was considered by the Court of Appeals. Petitioner has not shown that counsel erred and Petitioner was not prejudiced from counsel not filing the motion to withdraw. Petitioner claims appellate counsel was ineffective for not asserting on appeal that the paper on which his license tag number was recorded was not tendered and the person who wrote it down did not testify. Petitioner can show no error or harm as the woman who actually saw his car and license tag, Ms. Womack, identified a picture of them at trial and verified that was the number she told to her coworker. Additionally, testimony from her coworker regarding the number Ms. Womack called out would have been hearsay. Therefore, there is no proof that appellate counsel erred in not raising this issue.

Resp. Ex. 3 at 3-17.

The Supreme Court has held that the Strickland standard applies to claims of ineffective assistance of appellate counsel. Murray v. Carrier, 477 U.S. 478, 488 (1986); Smith v. Murray, 477 U.S. 527, 535-36 (1986). In Jones v. Barnes, 463 U.S. 745 (1983), however, the Court held that the Sixth Amendment does not require appellate advocates to raise every non-frivolous issue. Effective appellate counsel should "'winnow out' weaker arguments even though the weaker arguments may be meritorious." Id. at 751-52. "[A] deliberate, tactical decision not to pursue a particular claim is the very antithesis of the kind of circumstances that would warrant excusing a defendant's failure to adhere to a State's legitimate rules for the fair and orderly disposition of its criminal cases." Smith, 477 U.S. at 537.

The state habeas court in this case evaluated petitioner's claims of ineffective assistance of appellate counsel under the Strickland standard and concluded that petitioner's

claims meet neither the performance nor the prejudice prongs of Strickland. The Court finds that the state habeas court's decision was neither contrary to or an unreasonable application of prevailing Supreme Court precedent. Accordingly, petitioner should not prevail on his claims of ineffective assistance of appellate counsel.

### C. Procedural Default and Exhaustion

Finally, petitioner alleges various errors committed by the state trial court, the state prosecutor, and other instances of "plain error." The state habeas court found petitioner's claims related to prosecutorial misconduct to be procedurally barred because "they were not raised at the first possible stage of post-conviction review," and petitioner "has not proven cause and actual prejudice to overcome the procedural bar." Resp. Ex. 3 at 22.[5]

When a state habeas court correctly applies a state procedural default rule, a federal court should defer to the state court ruling and refuse to address the claim. Caniff v. Moore, 269 F.3d 1245, 1246-47 (11th Cir. 2001) (per curiam) (citing Harmon v. Burton, 894 F.2d 1268, 1270 (11th Cir. 1990)). To overcome the procedural bar, a petitioner must show either cause for the default and resulting actual prejudice, or that a fundamental miscarriage of justice will occur if the federal court does not address the petitioner's claims. Mincey v. Head, 206 F.3d 1106, 1135-36 (11th Cir. 2000) (citing McCoy v. Newsome, 953 F.2d 1252, 1257 (11th Cir. 1992)). Cause entails a showing "that some objective factor external to the defense impeded" efforts to comply with the state procedural rule. Coleman v. Thompson,

---

[5]Petitioner's claims of prosecutorial misconduct include, *inter alia*, allegations that the prosecutor "planted facts in the juror's minds," Pl. Br. at 38, that he "withheld exculpatory evidence from Petitioner," id., and that he constructively amended petitioner's indictment, id. at 42.

501 U.S. 722, 753 (1991). A state petitioner may also demonstrate cause to overcome a procedural default by demonstrating that he received constitutionally ineffective assistance of counsel. Turpin v. Todd, 493 S.E.2d 900, 906 (Ga. 1997). The narrow fundamental miscarriage of justice exception, on the other hand, encompasses the extraordinary instance in which a constitutional violation probably has resulted in the conviction of a defendant who is actually innocent of the crime. Murray v. Carrier, 477 U.S. 478, 496 (1986).

Under Official Code of Georgia Annotated, Section 9-14-48(d), a state habeas court must

> review the trial record and transcript of proceedings and consider whether the petitioner made timely motion or objection or otherwise complied with Georgia procedural rules at trial and on appeal and whether, in the event the petitioner had new counsel subsequent to trial, the petitioner raised any claim of ineffective assistance of trial counsel on appeal; and absent a showing of cause for noncompliance with such requirement, and of actual prejudice, habeas corpus relief shall not be granted.

"The rule now may be stated as follows: a failure to make timely objection to any alleged error or deficiency or to pursue the same on appeal ordinarily will preclude review by writ of habeas corpus." Black v. Hardin, 336 S.E.2d 754, 755 (Ga. 1985). Georgia law also requires that claims of ineffective assistance of trial counsel be raised at the "earliest practicable moment" by new counsel, or absent a showing of cause and prejudice, the claims are procedurally defaulted. White v. Kelso, 401 S.E.2d 733, 734 (Ga. 1991); Thompson v. State, 359 S.E.2d 664, 665 (Ga. 1987).

Plaintiff does not allege ineffective assistance of counsel as a ground for avoiding Georgia's procedural bar rule, nor does he sufficiently allege that a fundamental miscarriage of justice will result if his conviction is not vacated. The state habeas court properly applied

13

Georgia's procedural bar rule to prevent plaintiff from raising claims not previously presented on post-conviction review, and he accordingly cannot obtain federal habeas relief on those claims.

Petitioner also raises various claims regarding the state trial court and the evidence presented in his case that were not previously raised in his state habeas petition.[6] Those claims should be dismissed as unexhausted. The AEDPA requires a district court to dismiss habeas claims that the petitioner has a right to raise in a state court but fails to raise in state court. 28 U.S.C. § 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The Supreme Court has held that a petitioner is deemed to have exhausted his state judicial remedies when the state courts have been allowed a fair opportunity to address the petitioner's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Claims raised for the first time in a federal habeas proceeding, however, may be

---

[6]Specifically, petitioner complains that "a life without parole sentence is a death sentence," Pl. Br. at 43, that the court did not hear the pretrial motions that petitioner's counsel filed, id. at 44, that the trial judge was not impartial, id., that the trial court erroneously ruled on several motions and constructively amended petitioner's indictment, id. at 45-52, and that the trial court "failed to address the petitioner's plea to rid himself of the state's attorney," id. at 54. Petitioner also lists in a cursory manner twenty-one "plain errors" that allegedly occurred during his trial. Tr. 57-59. Most of these "plain errors" were addressed by the state habeas court and included in the Court's ineffective assistance of counsel and procedural bar analyses in this Report and Recommendation.

14

exhausted if the claims are procedurally barred under state law. Teague v. Lane, 489 U.S. 288, 297-98 (1989). Where a state procedural bar is apparent, a court "can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Snowden v. Singletary, 135 F.3d 732, 736 (11th Cir. 1998); see also Harris v. Reed, 489 U.S. 255, 263 n.9 (1989) ("[A] federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

Under Official Code of Georgia Annotated, Section 9-14-51, a second or successive Georgia state habeas petition is procedurally barred unless a state habeas judge concludes that the grounds cited in the petition could not have been raised in the original petition. O.C.G.A. § 9-14-51. The Eleventh Circuit has held that Section 9-14-51 should be enforced by federal courts "unless there is some indication that a state court judge would find the claims in question could not reasonably have been raised in the original or amended petition." Chambers v. Thompson, 150 F.3d 1324, 1327 (11th Cir. 1998).

The claims raised by petitioner relating to the decisions of the state trial court and "plain error" made during the course of his trial have not been raised and exhausted in state courts. Those claims also appear to be otherwise procedurally defaulted under Georgia's procedural default rule. Accordingly, petitioner may not obtain relief on those grounds.

## IV. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that the petition for habeas corpus relief be **DISMISSED**, that this civil action be **CLOSED**, and that

a final judgment be **ENTERED** in favor of respondent.

SO REPORTED AND RECOMMENDED this 18th day of April, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE