IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL D. HOLLOWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 105-009 |
| | ) | |
| MICHELLE MARTIN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

Presently before the Court in the captioned 28 U.S.C. § 2254 case are Petitioner's objections to the United States Magistrate Judge's Report and Recommendation ("R&R"). After a thorough *de novo* review of the file, the Court concurs with the R&R. Petitioner's objections are voluminous, include arguments which do not relate to the R&R's disposition of his claims, and generally reiterate arguments contained within his amended federal petition. The objections do not change the result of the R&R's analysis, and judgment is due to be entered in favor of Respondent. Even so, although the Court is not obligated to do so, the Court will address and clarify many of Petitioner's perceived deficiencies.[1]

---

[1] If a court accepts a Report and Recommendation, the court is not required to state with specificity what it reviewed; it is sufficient for the court to state that it engaged in a *de novo* review of the record and adopts the Report and Recommendation. See Charles Alan Wright, Arthur R. Miller, and Richard L. Marcus, 12 Fed. Prac. & Proc. Civ.2d § 3070.2.

## I. DISCUSSION

Petitioner states that the "R&R is simplistic, cursory, and partial in its failure to address [his] claims." (Doc. no. 47, p. 1). A review of the R&R reveals that this characterization is incorrect. The R&R spans thirty-two (32) pages and is thorough in its treatment of Petitioner's numerous claims. Reviewing Petitioner's claims is hampered by his failure to uniformly delineate which claims have been adjudicated on the merits in State court proceedings and relate the adjudication of the claims to the standard of review dictated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Even so, Petitioner's claims were properly addressed.

First, Petitioner asserts that the "Magistrate Judge believes the petitioner has raised claims not presented to the State courts of Georgia. This is just not the case." (Doc. no. 47, p. 2). To the contrary, a review of the R&R shows that the R&R summarized each claim presented in Petitioner's amended federal petition. (R&R at 9-10). The R&R then recounted that Petitioner never raised and properly exhausted claims (1)(i), regarding trial counsel's failure to obtain certain phone records, and claim (1)(j), regarding trial counsel's alleged failure to properly impeach Investigator Gordon and the clerk at the pharmacy. Petitioner makes no attempt to demonstrate that these claims were, in fact, properly presented to the State courts or that the State court's adjudication of the claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. Petitioner's generalized objection on this point does not merit further consideration.

Petitioner also objects to the portion of the R&R's background section which stated that Petitioner received a life sentence for his armed robbery conviction. Petitioner states that he actually received "a life without parole sentence, death by incarceration" and that, based upon Velazquez v. State, 283 Ga. App. 863, 643 S.E.2d 291 (2007), his sentence is illegal. (Doc. no. 47, p. 2). This argument is also contained within Petitioner's July 11, 2007 "Verified Motion for Partial Summary Judgment." Petitioner never properly raised this argument in the State courts and, in any event, the Velazquez Court based its holding upon the fact that the defendant was not eligible for a sentence of life without parole as a recidivist. Id. at 863, 643 S.E.2d at 292. In contrast to Mr. Velazquez, it appears that Petitioner was subject to sentencing as a recidivist. As the Georgia Court of Appeals noted, trial counsel "'practically begged' [Petitioner] to take a favorable plea offer since the evidence was so strong and [Petitioner] was in such jeopardy with the 'two strikes and you're out' law." Holloway v. State, 245 Ga. App. 510, 513, 537 S.E.2d 708, 711-12 (2000).

Petitioner argues that the "Magistrate Judge should have held an evidentiary hearing. Petitioner has exposed error upon error made by every court thus far involved in this case." (Doc. no. 47, p. 3). A federal habeas court may only take evidence regarding the factual basis of a claim that the petitioner has failed to develop in state court when:

> (A) the claim relies on--
>     (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>     (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and

3

> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2). While Petitioner takes issue with the State trial court's denial of his oral motion for a continuance at the motion for a new trial hearing, Petitioner was given ample opportunity to present evidence at this hearing, as well as the hearing before the State habeas court. At these hearings Petitioner was also afforded the opportunity to question his trial and appellate counsel. Although Petitioner objects to "errors" made by various courts, he cannot submit new evidence that he has previously failed to present without satisfying § 2254(e)(2). In this regard, Petitioner has not presented any claims based on a new rule of constitutional law or presented any reason to suppose that the factual predicate underlying his claims could not have been previously discovered through the exercise of due diligence. Notably, Petitioner has also failed to satisfy § 2254(e)(2)(B).

Further, even if the Court were to determine that Petitioner "diligently sought to develop the factual basis of a claim for habeas relief, but was denied the opportunity to do so by the state court, the inquiry does not stop there." Breedlove v. Moore, 74 F. Supp. 2d 1226, 1233 (S.D. Fla. 1999). Petitioner "must still persuade the [Court] that the proffered evidence would affect the resolution of [his] claim[s]." Id. (citing Bolender v. Singletary, 16 F.3d 1547, 1555 n.9 (11th Cir. 1994)). Therefore, even if Petitioner can show that he made a reasonable attempt to pursue his claims, he must also show that the evidence he seeks to introduce could change the outcome of his case. In this instance, Petitioner has failed on both counts.

Petitioner objects to the "Magistrate Judge's failure to recognize, acknowledge, or directly address" the facts surrounding his appellate counsel's disbarment. (Doc. no. 47, p. 4). Petitioner asserts that these facts are directly applicable to the instant case. The R&R noted that Petitioner's appellate counsel, Mr. Ron Garnett, was disbarred from the practice of law in the State of Georgia on September 27, 2004. (R&R at 28, n.14). However, despite the significance Petitioner may place upon this event, the disciplinary action against Mr. Garnett had nothing to do with Petitioner's case. The R&R, as well as the State habeas court, correctly reviewed Petitioner's complaints of ineffective assistance of appellate counsel under Strickland v. Washington, 466 U.S. 668 (1984).

Petitioner objects because the R&R did not reference any of the exhibits he has proffered. (Doc. no. 47, p. 4). Respondent was directed, pursuant to Rule 5, 28 U.S.C. § 2254, to file the relevant portions of the record in this action including: (1) the trial transcript of Petitioner's State court convictions; (2) the transcript of Petitioner's State habeas corpus hearing; (3) a copy of the decision of the State habeas court; and (4) a copy of Petitioner's and Respondent's briefs on appeal, the opinion of the appellate court as to his appeal from the judgment of conviction, and the opinion of the appellate court from the adverse judgment in his post-conviction proceeding. (Doc. no. 6). These documents were submitted by Respondent and constitute a certified copy of the State court proceedings underlying this action. Where applicable, these documents are referenced in the R&R. There is no error in the fact that the R&R cites to these documents rather than the copies of these

documents which were submitted by Petitioner along with his amended federal petition. (See doc. no. 28).

Additionally, § 2254(e)(2), which applies to requests for an evidentiary hearing, also applies to other attempts to introduce evidence. See Holland v. Jackson, 542 U.S. 649, 653 (2004). Thus, as explained above, to the extent Petitioner objects to the R&R's failure to cite to extra-record evidence he attached to his original federal habeas petition he first must demonstrate that he "diligently sought to develop the factual basis of a claim for habeas relief, but was denied the opportunity to do so by the state court," Breedlove, 74 F. Supp. 2d at 1233, or satisfy the dictates of § 2254(e)(2). Petitioner has not met the requirements of § 2254(e)(2) and, even if he could establish that the State courts restricted his ability to develop a factual basis for his claims, he has failed to "persuade the [Court] that the proffered evidence would affect the resolution of [his] claim[s]." Id. (citations omitted).

Petitioner contends that the R&R's list of claims which were considered by the State habeas court demonstrates that "the Magistrate Judge has not read the record." (Doc. no. 47, p. 5). The apparent root of Petitioner's objection is the R&R's observation that the State habeas court refused to consider any claims that were raised post-hearing, an observation that was then followed by the inclusion of these same post-hearing claims within the list of claims "ruled upon" by the State habeas court. (R&R at 5-8). Although it may seem inconsistent to include refused post-hearing claims within the list of claims "ruled upon," the claims refused by the State habeas court as procedurally improper were, in effect, denied.

Petitioner takes issue with "the Magistrate Judge's allegation" - actually the State habeas court's determination - that claims (23)(a)-(1) were subject to denial because these claims were raised in a post-hearing brief. (Doc. no. 47, p. 6). Petitioner states that prior to the hearing, on October 30, 2002, he filed "a motion to amend with exhibits." (Id.). A copy of Petitioner's October 30th motion has been submitted by Respondent. (Doc. no. 41, Resp. Ex. 5). Upon review, Petitioner's claim that the prosecutor withheld various pieces of exculpatory evidence and his claim that the prosecutor improperly "planted" facts in the jurors' minds, claims (3)(a) and (3)(b) of Petitioner's amended federal petition, are not listed within Petitioner's motion to amend. Thus, Petitioner has failed to demonstrate that the State habeas court erred in its ruling on this procedural point. See O.C.G.A § 9-14-51 ("All grounds for relief claimed by a petitioner for a writ of habeas corpus shall be raised by a petitioner in his original or amended petition. Any grounds not so raised are waived . . . ."); cf. Ogle v. Johnson, 488 F.3d 1364, 1368-70 (11th Cir. 2007) (holding that ineffective assistance of counsel claims presented in a post-hearing brief were exhausted where the petition mentioned the grounds generally and the petitioner argued the claims at the state habeas proceedings).

Petitioner objects to the R&R's observation that the Georgia Supreme Court denied his application for a certificate of probable cause to appeal ("CPC") the State habeas court's ruling because Petitioner's CPC application was untimely. Petitioner contends that the Georgia Supreme Court's ruling should be reviewed *de novo*. However, as the R&R correctly noted, "This Court must give 'due deference' to the Georgia Supreme Court's

procedural determination that the CPC was untimely. . . . Thus, we are bound by the state court's determination that the appeal was untimely. " Wade v. Battle, 379 F.3d 1254, 1260 (11th Cir. 2004) (citing Stafford v. Thompson, 328 F.3d 1302, 1305 (11th Cir. 2003)).

Petitioner objects to footnote eight (8) of the R&R which observed that Respondent's Exhibits 3 and 6 were each missing two pages and had to be read together to obtain a full copy of the State habeas court's decision. (Doc. no. 47, p. 7). Petitioner claims that this is prejudicial to his case. Although piecing together two exhibits to obtain a complete copy is not ideal, Petitioner's assertion that he has somehow been prejudiced by this practice is frivolous.[2]

Petitioner contends that the R&R erred on page seventeen (17) by referring to doc. no. 33 as a document he filed. Petitioner is mistaken. Doc. no. 33 contains his "Objections to Respondent's Answer - Response to New Petition." Petitioner also objects to the R&R's citation to Respondent's Exhibit 2, pages 91-102, in support of the proposition that the trial judge would not appoint Petitioner new counsel. This citation refers to the transcript of the State habeas hearing, where appellate counsel testified that the trial judge refused to allow him to withdraw from the case, and is appropriately labeled. Additionally, Petitioner

---

[2]Petitioner's objections to citation errors in the R&R are also inconsequential. On page nine (9), as Petitioner himself recognizes, the R&R mistakenly cited doc. no. 24 as doc. no. 25 and doc. no. 28 as doc. no. 38. Also, on page twenty-six (26), doc. no. 28 is cited as doc. no. 26. Despite these scrivener's errors, it is abundantly clear which documents the R&R is referencing. Courts typically cite to the record for the convenience of the reader, and these minor misstatements have no bearing upon the disposition of Petitioner's claims.

Petitioner further alleges that the R&R erred by referring to his "new" federal habeas petition as an amended federal habeas petition. Regardless of the nomenclature, Petitioner and the Court are both clear which document the R&R is referencing.

contends that the R&R erred when citing to various portions of his amended federal habeas petition. In this regard, the Court observes that the R&R cited to pages as they appear in the record rather than as the pages have been numbered by Petitioner.

Petitioner asserts that the R&R's recitation of his claims is "incorrect and disoriented." (Doc. no. 47, p. 7). Petitioner further contends that not all of his ineffective assistance of trial counsel claims were addressed in the R&R. Petitioner fails to specify which claims were not addressed, and the Court finds no omissions in the R&R's recitation and analysis.

Petitioner objects to the R&R's standard of review section, specifically the statement that under § 2254(d)(1) it is not enough to demonstrate that a state court's decision is "incorrect or erroneous"; only a showing that the decision was "objectively unreasonable" will entitle a petitioner to relief. (R&R at 12 quoting Wiggins v. Smith, 539 U.S. 510, 520-21 (2003)). Petitioner states that there is nothing reasonable about a trial court that refuses to make rulings that reflect clear findings of facts and law. Petitioner then sets forth "a few facts that warrant review," namely: (1) a no-knock entry, (2) a warrantless search, (3) a non-existent affidavit used to indict, (4) incomplete incident reports, (5) prosecutor withholding that there was a passenger in victim Manor's car, (6) life without parole sentence that is not supported by the law, (7) appellate counsel who admits he has not communicated with Petitioner at the motion for a new trial hearing, (8) claim of constructive amendment that has not been reasonably addressed in a fair manner, and (9) a trial counsel deemed effective simply because he read the State's discovery package. (Doc. no. 47, p. 9). Petitioner's

interpretation of these events does not cast doubt upon the R&R's analysis of any of the claims contained within his amended federal habeas petition.

Petitioner contends that the Magistrate Judge "relies upon [a] case cited by the Georgia Court of Appeals, Anderson v. State, 515 S.E.2d 195, 197 (Ga. App. 1999), to justify his failure to review the 198 page trial transcript." (Doc. no. 47, p. 13). In reality, the R&R merely observed that the State habeas court cited to Anderson, a case in which the Georgia Court of Appeals articulated and applied the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), before considering Petitioner's claims of ineffective assistance of trial counsel. (R&R at 19, n.12). Petitioner's contention is unfounded.

Petitioner objects to the R&R's quotation of the Georgia Court of Appeals' recitation of the facts underlying his convictions. Petitioner states that these quotations are not supported by the record because victim Ware testified that he selected photo five of a five photo array at trial when Investigator Gordon testified at the preliminary hearing that he had in his possession an affidavit stating that Ware had selected photo four of a six photo array. (Doc. no. 47, p. 15). Petitioner also notes that victim Manor testified that the robber had a pistol rather than a stun gun and that Ms. Womack, the clerk at the pharmacy, testified that she did not write down the tag number personally but that she called it out to a co-worker who wrote it down. (Id. at 16). Further, Petitioner alleges that Ms. Womack selected a lineup photo other than his, a fact that was not revealed in discovery. (Id.).

Petitioner's noted discrepancies are insufficient to rebut the factual findings of the Georgia Court of Appeals. While there may have been some discrepancy between victim

Ware's testimony and Investigator Gordon's testimony as to the number of photos in the photo array, and which photo number victim Ware selected, at trial victim Ware was adamant that Petitioner was the perpetrator and that he selected his photo when shown a photographic lineup. (See Resp. Ex. 2, Attach 3, pp. 19-20, 36-37). The Court of Appeals, considering the facts in a light most favorable to the verdict, noted this. As to Petitioner's contentions regarding victim Manor's testimony, the Georgia Court of Appeals acknowledged that victim Manor thought the robber had a pistol. With respect to Petitioner's arguments regarding the clerk at the pharmacy, the Court fails to see any meaningful variance between Ms. Womack "taking down" the license plate number by calling it out to a co-worker rather than writing it down personally.[3] Through these arguments, it appears that Petitioner is taking issue with the Court of Appeals' determination that the evidence at trial was sufficient to support his convictions. This claim is not contained within Petitioner's amended federal petition and, even if it were, the evidence was constitutionally sufficient to support the convictions.

Regarding the evidence abduced at trial, the substantial evidence underlying Petitioner's convictions supports a conclusion that Petitioner cannot show any actual prejudice resulting from his counsels' alleged ineffective assistance. Both crimes Petitioner was convicted of occurred on the same day in the same area. Holloway, 245 Ga. App. at 510,

---

[3] While this objection has nothing to do with the statement of facts contained within the R&R, Ms. Womack did not testify that she selected a photo other than Petitioner's photo from a photo array. She testified as to the basic physical description she gave to the police and stated that "I didn't want to convict the wrong person. So I wasn't going to say, that's him unless I knew 100% that [the photo] was him." (Resp. Ex. 2, Attach 3, p. 65).

537 S.E.2d at 710. The first victim, victim Ware, positively identified Petitioner as his attacker. Id. at 511, 537 S.E.2d at 710. Although the second victim and the clerk at the pharmacy could not positively identify Petitioner, there was:

> overwhelming direct and circumstantial evidence linking Holloway to the crime, including the clerk's testimony, the victim's testimony, the tag number taken down by the clerk, and the palm print found on the truck where the assailant leaned. Moreover, an investigator testified that Holloway told him, upon being arrested, 'he [knew] how he got caught; that the lady at the pharmacy got his tag number.'

Id. at 511-12, 537 S.E.2d at 710. In light of this evidence, Petitioner has not established that there is a reasonable probability that the outcome of his case would have been different if his attorneys had taken more time to prepare or made different decisions, and the R&R correctly concluded that Petitioner did not demonstrate that his attorneys were ineffective.

Petitioner states that on page twenty-four (24) of the R&R, "the Magistrate Judge once again has failed to review the case before *de novo*." (Doc. no. 47, p. 21-22). The R&R set forth the appropriate standard of review under AEDPA. (R&R at 11-12). Petitioner is not entitled to a *de novo* review of his claims.

Petitioner objects to the R&R's "argument addressing the trial court's prosecutorial role." (Doc. no. 47, p. 24). The Court has reviewed the trial transcript and the trial court did not assume a "prosecutorial role." Further, the Court agrees with the R&R's determination that Petitioner's claims that the trial judge interrupted and interfered with trial counsel, answered for witnesses, and assisted the prosecutor's case are, in effect, disputes regarding the application of State rules of evidence. This Court cannot grant Petitioner relief based

upon claims which relate to the trial court's application of State rules of evidence. See Shaw v. Bone, 695 F.2d 528, 530 (11th Cir. 1983) (*per curiam*).

Petitioner notes that the R&R is mistaken regarding its recitation of his claim that the preliminary hearing judge failed to "eyeball" the affidavit Investigator Gordon claimed to possess. The R&R indicated that it was the trial judge who failed to eyeball the affidavit, and Petitioner states that the preliminary hearing judge for his case was not the trial judge. Even so, this variance fails to cast any doubt upon the R&R's disposition of Petitioner's claim on this point.

"Petitioner [also] objects to the Magistrate Judge's failure to address the trial court's fatal error of constructive amendment." (Doc. no. 47, p. 26). The R&R discusses Petitioner's claims regarding constructive amendment of the indictment at pages 30-31.

Petitioner objects to the R&R's "cursory" review of his claims regarding the Jackson v. Denno, 378 U.S. 368 (1964), hearing and reiterates his allegation that jurors were allowed to remain in the courtroom during the hearing. (Doc. no. 47, pp. 27-29). Other than the allegations contained within his amended federal petition, and certain ambiguous statements in the trial record, Petitioner has never provided any support for this implausible scenario. The Court finds no error in the disposition of Petitioner's claims regarding the Jackson v. Denno hearing.

Petitioner asserts that the R&R was mistaken regarding the extent of appellate counsel's communications with him. The R&R noted that appellate counsel communicated with Petitioner through letters and met with him on at least one occasion prior to the hearing

13

on the motion for a new trial. The R&R based its conclusion upon the factual findings of the State habeas court (R&R at 29), and Petitioner has not rebutted those findings by clear and convincing evidence.

## II. CONCLUSION

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's motions for summary judgment (doc. nos. 34, 39) are **DENIED**, this 28 U.S.C. § 2254 petition is **DENIED**, this civil action shall be **CLOSED**, and a final judgment shall be **ENTERED** in favor of Respondent.

SO ORDERED this  30th  day of January, 2008, at Augusta, Georgia.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE